IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) Case No.: 8:20CV69 (RFR/SMB) |
| v. | ) ) **CONSENT ORDER** |
| **VILLAGE OF WALTHILL, NEBRASKA,** | ) ) ) ) ) |
| Defendant. | ) |

## I. Introduction

1. The United States brought this action to enforce the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*.

2. In its complaint, the United States alleged that the Village of Walthill, Nebraska ("Walthill" or "the Village") violated RLUIPA by denying the application of Light of the World Gospel Ministries, Inc., a non-denominational, multi-ethnic Christian church ("Light of the World" or "the Church"), for a special use permit to construct a new house of worship on properties the Church owns in the C-1 commercial district of the Village, in addition to the existing church facility it has been operating in the C-1 district at 212 Main Street since 2009.

3. Specifically, the United States alleged that the actions of the Village violated Section 2(a) of RLUIPA by imposing a substantial burden on Light of the World's religious exercise that did not further a compelling governmental interest pursued by the least restrictive means, 42 U.S.C. § 2000cc(a)(1), and violated Section 2(b) of RLUIPA (the "equal terms" provision) by imposing requirements on Light of the World in the Village's commercial districts that it did not impose on comparable nonreligious assemblies and institutions. 42 U.S.C. § 2000cc(b)(1).

4. Light of the World has filed a separate action, *Light of the World Gospel Ministries, Inc. v. Vill. of Walthill, Nebraska*, Case No. 8-18-cv-312 (D. Neb.) (hereinafter, "the LOTW case") in which the Church asserts RLUIPA and other claims.

5. The Village denies that its actions violated RLUIPA or were otherwise unlawful. The Village maintains that its denial of the Church's special use permit application was lawful and appropriate, that the Village did not substantially burden the Church by denying its special use permit in accordance with the Village's lawfully adopted zoning ordinance, that it did not impose requirements on the Church that it does not impose on comparable nonreligious assemblies and institutions, and that it did not otherwise violate any applicable law or regulation.

6. The Parties have voluntarily agreed to resolve the United States' claims against the Village by entering into this Consent Order, as indicated by the signatures below. Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

## II. Jurisdiction

7. This Court has jurisdiction over this action and may grant the relief sought herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 28 U.S.C. §§ 2201-02, and 42 U.S.C. § 2000cc-2.

## III. Injunction

A. **Prohibited Conduct and Affirmative Obligations**

8. The Village has granted the necessary approvals, including a special use permit, to allow Light of the World to construct and use a church for religious purpose on its Main Street properties. In a separate agreement, the LOTW and the Village have agreed that the church

shall be constructed in accordance with the building plans set forth in the LOTW Consent Decree. (Case No. 8-18-cv-312, ECF No. 64).

9. The Village, its Board of Trustees, its Planning Commission, and other departments and entities of the Village, as well as the Village's agents, employees, successors, and all other persons or entities in active concert or participation with the Village, are enjoined from engaging in conduct that violates RLUIPA.

10. The Village shall not amend its zoning ordinance or engage in other conduct that would prevent Light of the World from constructing a church or using the property for religious purpose consistent with the separate agreement reached between LOTW and the Village.

**B. Notice to the Public and Applicants**

11. Within thirty (30) days of entry of this Order, the Village shall place and maintain on the Village's web page entitled "Planning Commission" and the Village's web page entitled "Forms and Permits," a link, in at least the same size font as the majority of other text on the page, stating "Special Information for Places of Worship and Other Land Use." That link shall take users to a page with the text set forth in **Appendix A**.

12. As soon as practicable after the receipt of an application for, or any written inquiry about, preliminary or final plan approval, a special use permit, variance, rezoning, or other land use determination concerning the religious use of property, but in any event, no later than ten (10) business days after receipt, the Village shall provide applicants or persons inquiring about the application process with information directing them to the web page described in paragraph 11 or provide them with the text set forth in Appendix A. The Village shall also ensure that the Clerk, the Deputy Clerk, or any other staff member who ordinarily receives oral inquiries regarding land use matters, either in person or by phone, refers persons making inquiries

3

regarding religious use of property to the web page, or provides them with a handout containing the text in Appendix A.

**C.     Training**

13.   Within ninety (90) days of the entry of this Order, employees and agents of the Village with responsibilities relating to the enactment, implementation and enforcement of any zoning or land use regulations for the Village, including but not limited to all members of the Village Board, the Planning Commission, and the Building Inspector, shall attend training on RLUIPA by a qualified individual approved by the United States in advance.  The duration of the training need not exceed two (2) hours.

14.   For persons first assigned the responsibilities described in paragraph 13 after the training has occurred, the Village shall give such persons, within thirty (30) days of being assigned such responsibilities, the document, "Statement of the United States Department of Justice on the Land Use Provisions of the Religious Land Use and Institutionalized Persons Act," available at https://www.justice.gov/crt/page/file/1071246/download.

15.   Within thirty (30) days of the training described in paragraph 13, and within thirty (30) days of assignment of the responsibilities described in paragraphs 13 and 14, the Village shall undertake and complete the following actions for all persons described in paragraphs 13 and 14.

    a.   Furnish to each person a copy of this Order;

    b.   Secure a signed statement, appearing at **Appendix B**, from each such person, stating that he or she has received the training described and the information set forth in Appendix A, as applicable; has read and understands

this Order and the policy of RLUIPA compliance mandated by this Order; and, in addition, understands that a violation of this Order may result in further action against the Village; and

c. Provide such signed statements to the United States.

**D. Reporting, Record-keeping, and Monitoring**

16. On the first anniversary of the entry of this Order, the Village shall submit a report to the United States listing all written inquiries regarding, and applications for, a special use, variance, rezoning or other land use permit or approval submitted by any individual or entity seeking to use a property for religious purposes. The list shall include a notation of the Village's decision for each such application. In addition, the Village shall submit with the list copies of all such inquiries and applications, as well as copies of documents reflecting its decision with respect to each. The Village shall submit a similar report with copies of such documents to the United States on the anniversary of the entry of this Order in each subsequent year of the Order. The Village shall retain all such documents for the duration of the Order.

17. The Village shall also retain all records related to Light of the World for the duration of this Order. These records shall include, but are not limited to: correspondence between the Village and Light of the World, other correspondence to the Village concerning Light of the World; complaints made to Village enforcement departments by or about Light of the World; and, any law enforcement, regulatory, or investigative action taken by the Village concerning Light of the World.

**E. Inspection of Records**

5

18. Upon reasonable notice by counsel for the United States to counsel for the Village, the Village shall permit representatives of the United States to inspect and copy all non-privileged, pertinent records of the Village, including, but not limited to, those records referenced in paragraphs 16 and 17 of this Order.

## IV. Execution, Enforcement, and Costs

19. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Order prior to seeking relief from this Court.

20. If the United States believes that there has been a failure by the Village to perform in a timely manner any act required by this Order, or otherwise to act in conformance with any provision thereof, whether or not intentional, the United States will notify the Village of its concerns in writing and the Parties will attempt to resolve those concerns in good faith. If the Parties are unable to reach a resolution, the United States may move the Court to impose any remedy authorized by law or equity that may be occasioned by any violation of this Order or failure to perform by the Village. Absent exigent circumstances, the United States will allow the Village thirty (30) days to cure a violation of this Order once notified by the United States before moving the Court for relief.

21. The undersigned representatives of the Village represent and warrant that they are fully authorized to enter into this Order on behalf of the persons and entities indicated below.

22. This Order is binding on the Village's successors, transferees, and assigns.

23. The Parties agree that they will not, individually or in combination with another, seek to have any court declare or determine that any provision of this Order is illegal or invalid.

24. Except as provided in paragraph 20, above, each Party shall bear its own legal and other litigation costs.

25. For the duration of this Order, this Court has exclusive jurisdiction over and is the venue for any dispute relating to this Order. This Order constitutes the complete agreement among the Parties to the above-captioned action. This Order may only be amended by the Court.

26. The Parties will defend this Order against any challenge by any third party. In the event that this Order or any of its terms are challenged in a court other than the United States District Court for the District of Nebraska, the Parties agree that they will seek removal or transfer to this Court.

## V. Termination of Litigation Hold

27. The Parties agree that, as of the date of the entry of this Order, litigation is not "reasonably foreseeable" concerning the matters described above or in the United States' Complaint. To the extent that any Party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the Party is no longer required to maintain such litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Order.

## VI. Scope, Duration, and Effective Date

28. The duration of this Order shall be for a period of three (3) years from the date of the entry of this Order, except as provided in paragraphs 29 and 30. The Court shall retain jurisdiction for the duration of this Order to enforce its terms.

29. If the Village has failed substantially, whether or not intentionally, to satisfy the terms of this Order, or the interests of justice so require, the United States, upon notice to the

Village and thirty (30) days to cure, may file a motion requesting that the term of this Order be extended. The Village shall have the right to file an opposition to such motion.

30. If it shall become necessary for the United States to move the Court for an extension, and if such extension is granted, the Village shall submit, six months after the extension, a report to the Court and to the United States describing the status of any unmet obligations, and their projected completion date(s). The Village shall submit a similar report to the Court and the United States at least every six months thereafter during the applicable extension period until the Parties agree that it has met all obligations under Section III, at which point the Village shall submit a report certifying the same. The Consent Order will expire ninety (90) days after the Village files that final report with the Court.

31. The United States and the Village are agreeing to this Order at the same time that the Village and the plaintiff in *Light of the World Gospel Ministries, Inc. v. Village of Walthill, Nebraska*, Case No. 8:18-cv-312 (D. Neb.) (the "LOTW Case"), are agreeing to and submitting a consent decree to the court in that case for approval. In the event the Court in the LOTW Case declines to approve the proposed decree in that case, this Order shall be null and void, and litigation of this case will continue.

32. The Village or the Parties jointly may move the Court to terminate this Order prior to its expiration as set forth in Section VII upon a showing by a preponderance of the evidence that the Village has reached "durable compliance" with this Order as defined below. At all times, the Village will bear the burden of demonstrating by a preponderance of the evidence its durable compliance. "Durable compliance" means full, effective, and lasting compliance with all provisions of this Order. To achieve full, effective, and lasting compliance, the Village must demonstrate that it has: (a) complied with its obligations in the Village's agreement with Light

8

of the World in Case No. 8:18-cv-312 to permit Light of the World to construct a multi-use building including a church subject to the conditions in that agreement, as required by Section III.A; (b) provided notice to the public and applicants regarding RLUIPA as required by Section III.B; (c) undertaken training as required by Section III.C; and (d) adhered to the record-keeping, reporting, and inspection requirements set forth in this Section and Section III (D-E).

33. If the Village has reached full, effective, and lasting compliance for at least one year with a part of the Order, the Village or the Parties jointly may agree to move the Court to terminate that part of the Order if it is sufficiently severable from the other requirements of the Order. In determining whether there is full, effective, and lasting compliance with a part of the Order, all of the requirements of the Order may be assessed collectively to determine whether the intended outcome of the part has been achieved.

### VII. Integration

34. This Order contains the entire agreement between the Parties. No agreements or negotiations, oral or otherwise, between the Parties that are not included herein shall be of any force or effect.

**IT IS SO ORDERED this** ~~day of~~ ~~, 2021.~~
**25th day of February, 2022.**

_____
**HON. BRIAN C. BUESCHER**
**UNITED STATES DISTRICT JUDGE**

**FOR THE PLAINTIFF, UNITED STATES OF AMERICA**:

DATED: ~~September~~ October 5, 2021

|  |  |
|---|---|
|  | MERRICK B. GARLAND<br>Attorney General |
| JAN W. SHARP<br>Acting United States Attorney<br>District of Nebraska | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
|  | SAMEENA SHINA MAJEED<br>Chief |
| s/Laurie A. Kelly<br>LAURIE A. KELLY<br>(MA 557575)<br>Assistant United States Attorney<br>United States Attorney's Office<br>District of Nebraska<br>1620 Dodge Street, Suite 1400<br>Omaha, Nebraska 68102-1506<br>Phone: (402) 661-3700<br>Facsimile: (402) 661-3081<br>Laurie.Kelly@usdoj.gov | s/Nancy F. Langworthy<br>CATHERINE A. BENDOR<br>Special Litigation Counsel<br>RYAN G. LEE<br>RLUIPA Coordinator<br>NANCY F. LANGWORTHY<br>(DC 377947)<br>MAZEN M. BASRAWI<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>4 Constitution Square / 150 M Street NE<br>Washington, DC 20530<br>Phone: (202) 616-8925<br>Facsimile: (202) 514-1116<br>Nancy.Langworthy@usdoj.gov |

DATED: ~~September~~ October 5, 2021

10

**FOR THE DEFENDANT, VILLAGE OF WALTHILL, NEBRASKA:**

DATED: ~~September~~ October 6, 2021

BY: _____
MICHAEL GRANT
Chairperson of Board of Trustees of Walthill, Nebraska

BY: _____
JASON W. GRAMS, #24596
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114
Tel: (402) 397-7300
Fax: (402) 397-7824
jgrams@ldmlaw.com
*Counsel for Defendant*

11

# APPENDIX A

Consistent with the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), the Village of Walthill applies its land use regulations in a manner that: 1) does not impose a substantial burden on the free exercise of religion, unless it is in furtherance of a compelling government interest and is imposed in the least restrictive means, and 2) does not treat religious assemblies or institutions on less than equal terms than nonreligious assemblies or institutions.

Under RLUIPA, no local government may apply its land use regulations in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless it is in furtherance of a compelling governmental interest and is imposed in the least restrictive means. RLUIPA also provides that no local government may apply its land use regulations in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious institution or assembly.

If you believe that the Village of Walthill or any other local government or municipality has violated your rights under RLUIPA, please contact the U.S. Attorney's Office for the District of Nebraska at (402) 661-3700 or the United States Department of Justice at (202) 514-4713.

You may also write to:

United States Attorney's Office
District of Nebraska
Civil Division1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506

or
United States Department of Justice
Civil Rights Division,

                Housing and Civil Enforcement Section
                         4 Constitution Square
                           150 M Street NE
                         Washington, DC 20530

RLUIPA complaints may also be submitted through the Civil Rights Division's RLUIPA page, at https://www.justice.gov/crt/religious-land-use-and-institutionalized-persons-act. That page also links to additional information about RLUIPA.

## APPENDIX B

## STATEMENT OF RECEIPT OF ORDER

I, _____ , certify that I have received a copy of the Order entered by the Court on _____ , 2021 to resolve the complaint filed by the United States in the United States District Court for the District of Nebraska in *United States v. Village of Walthill*, *Nebraska*, Civ. No. 8:20-cv-69 (D. Neb.). I also certify that I attended the RLUIPA training on _____ and had an opportunity to have my questions answered, or if I was not required by the Order to attend RLUIPA training, I received and read a copy of the document "Statement of the United States Department of Justice on the Land Use Provisions of the Religious Land Use and Institutionalized Persons Act." I further certify that I have read and understand the aforementioned Order, that all my questions concerning it were answered, and that I understand that my violation of this Order may result in a court action against the Village of Walthill.

_____
(Signature)

_____
(Print name)

_____
(Date)